IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

WILLIE A. KEY,

Claimant-Appellant,

v.

DENIS MCDONOUGH,
Secretary of Veterans Affairs,

Respondent-Appellee.

No. 24-1736

**RESPONDENT'S INFORMAL RESPONSE BRIEF
AND SUPPLEMENTAL APPENDIX**

Pursuant to Rule 28(g) of the Rules of the United States Court of Appeals for the Federal Circuit, respondent, the Secretary of Veterans Affairs, respectfully submits this informal brief and supplemental appendix in response to the informal brief filed by *pro se* petitioner, Mr. Willie A. Key.

**STATEMENT OF JURISDICTION**

Claimant-appellant, Mr. Key, appeals a March 26, 2024 decision by the United States Court of Appeals for Veterans Claims (Veterans Court) in the case of *Willie A. Key v. Denis McDonough*, Case No. 23-7532 (Vet. App. March 26, 2024), alleging that the Veterans Court misinterpreted 31 C.F.R. § 285.4. Pursuant to 38 U.S.C. § 7292(a), this Court has jurisdiction to review a Veterans Court's decision with respect to the interpretation of any statute or regulation relied on by the Veterans Court in making its decision. But to the extent Mr. Key's arguments amount to disagreement with the

1

Veterans Court's application of law to the facts of his case, this Court lacks jurisdiction over such claims pursuant to 38 U.S.C. § 7292(d)(2). *See Conway v. Principi*, 353 F.3d 1369, 1372 (Fed. Cir. 2004) ("[W]hile we can review questions of law, we cannot review applications of law to fact.").

## STATEMENT OF THE CASE

### I. Factual background and prior proceedings

In 2018, the U.S. Department of Veterans Affairs (VA) informed Mr. Key that he is responsible for copayments for medical care and prescriptions that he received from October 11, 2017, to October 10, 2018, and that the medical facility at which he received care would bill him accordingly. Appellant's Informal Brief (Applnt. Br.) at 4. Mr. Key appealed, and the board remanded the case in May 2022 to verify whether Mr. Key signed a VA Form 10-I0EZR (Health Benefits Update Form) and to associate with the claims several personal letters and a financial report. *Id.*; SAppx1.

In February 2023, while the VA processed the Board's remand, the Department of the Treasury notified Mr. Key that it would withhold (or offset) up to 15 percent of his monthly Social Security benefit payment beginning no sooner than March 2023 to satisfy the debt he owes to Veterans Health Administration (VHA). *Id.* Later that year, on December 27, 2023, the agency of original jurisdiction (AOJ) issued a Supplemental Statement of the Case (SOC) that notified Mr. Key that the AOJ had located all documents identified in the board's May 17, 2022 remand order and associated them with his file. *Id.*

On December 8, 2023, Mr. Key petitioned the Veterans Court for extraordinary relief in relation to his case about the validity of the debt that he owes to the VHA. *Id.* at 5; SAppx4. Mr. Key's petition argued that the VA had unreasonably delayed processing the board's 2022 remand and that the VA exceeded its remand authority in initiating an offset of his Social Security benefits through the Department of Treasury while his case remained pending before VA. *Id.*

The Veterans Court observed that the agency action at issue was completed and was no longer delayed. *Id.* The Veterans Court further held that by issuing an SSOC notifying Mr. Key that the 2022 remand directives were complied with, VA fulfilled its obligations under the 2022 Board remand. *Id.* Thus, the Veterans Court found that the VA had already provided the relief Mr. Key was seeking—i.e., processing the board's 2022 remand. *Id.* Accordingly, the Veterans Court dismissed this portion of the petition as moot. *Id.*

The Veterans Court next found that Mr. Key was not entitled to a writ of mandamus to stop the VA's attempt to collect this debt because 38 C.F.R. § 1.912 requires VA to "collect debts by administrative offset" and "refer past due, legally enforceable non-tax debts which are over 180 days delinquent to Treasury for collection by centralized administrative offset." *Id.* The Veterans Court further noted that there are three instances in which the VA will defer debt collection by offset, and all three instances require a veteran to take an action (i.e., dispute the debt, request a wavier, or request a hearing) "within 30 days of the date of the notification" of the

3

debt. *Id.*; 38C.F.R. § l.912(c)(l)-(3). The Veterans Court found that Mr. Key's petition did not demonstrate that he met a deferral exception under 38C.F.R. § l.912(c)(l)-(3). *Id.* citing U.S. VET. APP. R. 2l(a)(l)(2) (a petition must set forth "the precise relief sought" and "state the facts necessary to understand the issues presented.").

The Veterans Court noted that if Mr. Key believes that deferral should have occurred, that is an argument he can raise through his appeal. *Id.* at 5. And any disagreement that Mr. Key has with the regulation constitutes a substantive matter that can be addressed through a direct appeal and is not ripe for consideration in the context of a petition for a writ of mandamus. *Id.* citing *Wolfe v. McDonough*, 28 F.4th 1348, 1357 (Fed. Cir. 2022) ("It is well established that mandamus is unavailable when there is an adequate remedy by appeal."). Thus since "the AOJ completed the actions required by the remand, the board can issue a decision on [Mr. Key]'s administrative appeal; and if that decision is adverse, [Mr. Key] can appeal to the Court." *Id.*

Mr. Key appealed the Veterans Court's decision to this Court. ECF No. 1.

**ARGUMENT**

**I.    Standard of review**

This Court's jurisdiction to review decisions of the Veterans Court is "limited by statute." *Goodman v. Shulkin*, 870 F.3d 1383, 1385 (Fed. Cir. 2017). The Court may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision."

4

38 U.S.C. § 7292(a). But unless the case presents a constitutional issue, this Court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). In other words, this Court lacks jurisdiction to review "disagreements with how the facts were weighed or how the law was applied to the facts." *Guillory v. Shinseki*, 669 F.3d 1314, 1320 (Fed. Cir. 2012). This Court reviews legal determinations of the Veterans Court *de novo*. *Blubaugh v. McDonald*, 773 F.3d 1310, 1312 (Fed. Cir. 2014). The Court "may set aside the Veterans Court's interpretation of a regulation only if it is unconstitutional, violative of statute, procedurally defective, or otherwise arbitrary." *Id.* (citing 38 U.S.C. § 7292(d)(1)).

## III.  Responses to informal brief questions

**1.  Are you aware of any other cases the petitioner currently has or previously has had before this Court?  If yes, then identify the title and number of each case.**

No.  Respondent is unaware of any other appeal previously filed by Mr. Key before this Court.  Mr. Key answered "No" to this question.  Applnt. Br. at 1, Question 1.

**2.  Did the Court of Appeals for Veterans Claims decision involve the validity or interpretation of a statute or regulation?  If yes, what are your arguments concerning those issues?**

The Veterans Court's decision did not involve the interpretation of a statute or regulation, but rather involved only the straightforward application of law to the facts of this case. The Veterans Court found that Mr. Key's petition for mandamus for

unreasonable delay was mooted by the VA already having provided the requested relief of processing the board's 2022 remand. Applnt. Br. at 5. The Veterans Court further found that Mr. Key was also not entitled to a writ of mandamus to stop VA's attempt to collect this debt because Mr. Key failed to demonstrate he was entitled to deferral of payment under 38 C.F.R. § l.912(c).

Mr. Key responded to this question by checking both "yes" and stating "31 C.F.R. 285.4 allows collection by offset of 'legally enforceable debts.'" Applnt. Br. at 2, Question 2. And "[t]he debt allegedly owed to VA is not legally enforceable while under appeal." *Id.* Mr. Key incorrectly contends that collection is stayed pending his appeal. As the Veterans Court correctly noted, there are only three instances where deferral of an offset occurs: if within 30 days of the notification the veteran disputes the debt, requests a wavier, or requests a hearing. 38 C.F.R. § l.912(c)(l)-(3). Subject to these three limitations—and Mr. Key does not contend that he meets the requirements of 38 C.F.R. § l.912(c)(l)-(3)—otherwise informally disputing the existence or amount of the debt, requesting waiver of collection of the debt, requesting a hearing on the waiver request, and appealing the VA's decision underlying the debt does not stay collection. 38 C.F.R. § l.911. Accordingly, the Veterans Court's decision did not misinterpret regulations concerning the collection of debts owed by Mr. Key or the deferral of an offset.

6

**3.  Did the Court of Appeals for Veterans Claims decide constitutional issues?  If yes, what are your arguments concerning those issues?**

No.  The Veterans Court did not decide any constitutional issues.  Mr. Key agrees.  Applnt. Br. at 2, Question 3.

**4.  Did the Court of Appeals for Veterans Claims fail to decide any other issue correctly?  If yes, how?**

No.  The Veterans Court correctly decided the issues before it.  Mr. Key responded to this question by checking both "yes" and stating the Veterans Court "incorrectly decided that VA had not unreasonably delayed processing the [r]emand" and "VA waited nineteen months to respond to the [r]emand and did so only in response to [Mr. Key]'s objection to offset of his Social Security payments."  Applnt. Br. at 2, Question 4.

When considering whether to issue a writ of mandamus, the Court is to keep in mind that "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations."  *Kerr v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 426 U.S. 394, 402, (1976).  To this end, three conditions must be met before the Veterans Court may issue a writ: (1) a petitioner must show a lack of adequate alternative means to obtain the desired relief, thus ensuring that the writ is not used to replace the appeals process; (2) a petitioner must show a clear and indisputable right to the writ; and (3) the Court must be convinced, given the circumstances, that issuing the writ is warranted.  *See Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380-81 (2004); *see also Wolfe v.*

*McDonough*, 28 F.4th 1348, 1357 (Fed. Cir. 2022) (reiterating that a writ cannot be used to get around the normal appellate process).

As the Veterans Court found, Mr. Key received the relief he was seeking—processing of the board's remand which is now complete—thus his petition on this ground was mooted and dismissed by the Veterans Court. Moreover, to the extent Mr. Key wishes to contest VA's compliance with remand directives, there is no obstacle for him to do so through the normal appellate process. Stated otherwise, Mr. Key has an alternative remedy to mandamus—an appeal (*see Cheney* 542 U.S. at 380), and he cannot use a writ to avoid that appellate process. *See Wolfe*, 28 F.4th at 1357; *Love v. McDonough*, 100 F.4th 1388, 1395 (Fed. Cir. 2024) (rejecting mandamus where the petitioner could have followed the appellate process and chose not to do so). Mr. Key has not shown that the administrative process is not a viable path to obtain the remedy he seeks in regard to his argument concerning delay, and thus fails to demonstrate relief is appropriate before the Veterans Court and this Court.

**5.     Are there other arguments you wish to make?  If yes, what are the arguments?**

No.  Mr. Key responded "yes" to this question, claiming the Veterans Court "failed to decide whether [Mr. Key]'s Social Security payment is subject to offset for 'debts' owed to VA while awaiting a decision on [Mr. Key'] waiver request." Applnt. Br. at 3, Question 5.  This argument ignores that the Veterans Court specifically considered whether Mr. Key is entitled to a writ of mandamus to stop VA's attempt

to collect on the debt and found that Mr. Key's petition did not demonstrate that he met one of the three bases for deferral under 38 C.F.R. § l.912(c)(l)-(3).  Even now, Mr. Key does not attempt to demonstrate that he meets an exception for deferral under 38 C.F.R. § l.912(c)(l)-(3).

**6.      What action do you want this court to take in this case?**

The Court should affirm the board's decision.

## CONCLUSION

For these reasons, the Court should affirm the Veterans Court's decision.

Respectfully submitted,

BRIAN M. BOYNTON
  *Principal Deputy Assistant Attorney*
  *General*

PATRICIA M. McCARTHY
  *Director*

/s/ William Grimaldi
WILLIAM GRIMALDI
  *Assistant Director*

/s/ Anne M. Delmare
ANNE M. DELMARE
  *Trial Attorney*
  *Department of Justice*
  *Commercial Litigation Branch*
  *Civil Division*
  *P.O. Box 480, Ben Franklin Station*
  *Washington, DC  20044*
  *Telephone: (202) 305-0531*
  *E-mail: Anne.M.Delmare@usdoj.gov*

October 26. 2024                    *Attorneys for the Respondent-Appellee*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 2315 words.  This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Garamond 14-point font, a proportionally spaced typeface.

*/s/ Anne M. Delmare*
Trial Attorney


## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 26th day of October, 2024, a copy of this brief was caused to be placed in the United States mail (first-class, postage prepaid), addressed as follows:

Willie A. Key
71 Society Street
Apt. 501
Charleston, SC 29401

*/s/ Anne M. Delmare*
Trial Attorney

INDEX TO SUPPLEMENTAL APPENDIX

Document                                                                                          Page

Board remand decision, dtd May 17, 2022............................................................SAppx1

Petition for writ of mandamus, dtd Dec 8, 2023 (without attachments) .............SAppx4

Exhibit "B"



# BOARD OF VETERANS' APPEALS
## FOR THE SECRETARY OF VETERANS AFFAIRS

IN THE APPEAL OF
**WILLIE A. KEY**                                Docket No. 19-14759

### DATE: May 17, 2022

### REMANDED

Whether the change in the Veteran's Means Test eligibility category from copay exempt to copay required for income year 2016 was proper, is remanded.

### REASONS FOR REMAND



The Veteran had active duty from July 1965 to September 1968.

VA provided a notification letter to the Veteran in December 2021 and informed him that a Board of Veterans' Appeals (Board) hearing was scheduled for March 2022. The Veteran was deemed a no-show for the Board hearing and to date, the Veteran has not requested to reschedule the hearing. Therefore, the Board finds that the Veteran's request for a Board hearing has been withdrawn. 38 C.F.R. § 20.704(d).

Income Verification Match (IVM) is a secure procedure by which VA may obtain income information from the Social Security Administration and the Internal Revenue Service (IRS), in order to verify income amounts that are reported to VA. The adjudication of this matter involves information provided by the IRS and Social Security Administration for 2016. However, to avoid disclosure of sensitive information, the Board's decision does not directly cite dollar amounts included in any IVM report that has not been verified by the Veteran. Therefore, the text of this decision is not subject to the additional protections required under the IVM procedures.

-3-

IN THE APPEAL OF
**WILLIE A. KEY**



Docket No. 19-14 759

**Whether the change in the Veteran's Means Test eligibility category
from copay exempt to copay required for income year 2016 was proper
is remanded.**

VA shall furnish hospital care and medical services to any veteran who is unable to
defray the expenses of necessary care. 38 U.S.C. §§ 1710(a)(2)(G). For the
purposes of 38 U.S.C. § 1710(a)(2)(G), a veteran shall be considered to be unable
to defray the expenses of necessary care if his attributable income is not greater
than a specified income threshold, which is updated annually. 38 U.S.C.
§ 1722(a)-(c).

If a veteran does not qualify under 38 U.S.C. § 1710(a)(2)(G), he or she will be
responsible for a copayment for VA healthcare services that relate to nonservice-
connected disabilities.

The summary of evidence in the March 2019 statement of the case (SOC) includes
in the list of evidence that on October 11, 2017, the Veteran signed a VA Form 10-
10EZR at the Ralph H. Johnson VA Medical Center in Charleston, South Carolina.
However, his claims file contains a document stating that the Veteran did not
submit a signed Means Test for income year 2016. The list of evidence also
includes a personal letter from the Veteran, dated October 15, 2018, and received
on November 6, 2018; a signed HEC Form 200-1A dated November 8, 2018, with
option 3 selected, a personal letter from the Veteran dated November 8, 2018, and
page 27 of 32 of the Financial Report from LPL, received on November 20, 2018.

The record does not contain these documents. These missing documents must be
associated with the claims file before the claim is decided on the merits.

The matters are REMANDED for the following action:

>       1. Verify whether the Veteran signed a VA Form 10-
>       10EZR on October 11, 2017 at the Ralph H. Johnson VA
>       Medical Center in Charleston, South Carolina.
>
>       2. Associate with the claims file the personal letters dated
>       October 15, 2018 and November 8, 2018; the signed

2

- 4 -

IN THE APPEAL OF
**WILLIE A. KEY**



Docket No. 19-14 759

HEC Form 200-1A, dated November 8, 2018, with
option 3 selected; and page 27 of 32 of the Financial
report from LPL, received on November 20, 2018.

3. If these documents cannot be obtained and further
attempts to retrieve the records would be futile, the
Health Eligibility Center must note such unavailability in
a Memorandum of Unavailability and associate it with
the claims file.



H.M. WALKER
Veterans Law Judge
Board of Veterans' Appeals

Attorney for the Board          J. Lee

*The Board's decision in this case is binding only with respect to the instant matter
decided. This decision is not precedential and does not establish VA policies or
interpretations of general applicability. 38 C.F.R. § 20.1303.*

3

-5-

09BPP00600462100040004 057679

**UNITED STATES COURT OF APPEALS
FOR VETERANS CLAIMS**

Willie A. Key,               )
                             )
          Petitioner,        )
                             )        Docket No. 10-14759
     v.                      )
                             )
Board of Veterans Appeals    )
                             )
          Respondent.        )
_____    )

**PETITION FOR WRIT OF MANDAMUS**

**RELIEF SOUGHT**

1.

Petitioner moves this court to employ CAVC Rule 2: Suspension of Rules, if necessary, to grant the relief requested.

2.

Petitioner requests that this court issue an Order requiring the respondent, Board of Veterans Appeals, to direct AOJ to (1) refund all monies withheld from petitioner's social security benefit payments since March 3, 2023; (2) deny, with prejudice, AOJ's claim for copayments in the instant appeal; (3) cancel any and all copayments owed or allegedly owed to AOJ by petitioner; and (4) to vacate its REMAND in the instant appeal on the ground of lack of expeditious treatment.

**FACTS**

By letter, dated November 20, 2018 (attached hereto as Exhibit "A"), the Department of Veterans Affairs Health Eligibility Center (Center) informed me that

petitioner would be responsible for copayments for medical care and prescriptions received from 10/11/2017 to 10/10/2018. I appealed this decision citing two grounds: (1) The gross income reported to the IRS for 2016 was my wife's lump sum retirement income, which she never had access to; and (2) Using gross income reported to the IRS to determine copay or not is not reasonably related to the VA's interest in providing medical care.

On May 17, 2022 the Board of Veterans Appeals **REMANDED** (attached hereto as Exhibit "B") the above docketed appeal for various actions by respondent Ralph H. Johnson Medical Center (AOJ). Notwithstanding that Rule 802(c) of the Board of Veterans Appeals rules of procedure require that AOJ provide for expeditious treatment of remanded claims, as of this date, the AOJ has not complied with the actions requested by the Board.

Instead of complying with the requirements of the REMAND, AOJ brazenly choose to ignore the REMAND and proceeded to request and authorize the U.S. Department of Treasury to withhold monies from appellant's monthly social security benefit payments.

Via letter dated February 15, 2023 (Exhibit "C") appellant was informed by the U.S. Department of Treasury (Treasury) that no sooner than March 3, 2023 it would withhold money from his social security benefit payments to satisfy debts owed to Ralph H. Johnson Medical Center (AOJ).

Since March 2023 Treasury has each month withheld all but seven hundred fifty dollars from appellant's social security benefit payments and will continue to

2

withhold money monthly from appellant's social security benefit payments until the alleged debt is paid in full.

In May of 2023 plaintiff filed suit in the U.S. District Court, District of South Carolina, Charleston Division alleging the tort of Conversion on the part of AOJ. Said action was dismissed on the ground of lack of jurisdiction. The Court asserted that, "A federal district court lacks subject matter jurisdiction over FTCA claims against federal agencies such as the Department of Veterans Affairs."

On July 20, 2023 petitioner moved the Board of Veterans Appeals to grant him Summary Judgment in his appeal (Exhibit "D"). Petitioner followed with a Motion to Vacate on October 5, 2023 (Exhibit "E"). Citing lack of a final decision (Exhibits "F" and "G", respectively), both motions were rejected by the Board.

### <u>WHY WRIT SHOULD BE GRANTED</u>

AOJ exceeded its authority in authorizing aforementioned monies to be withheld from appellant's social security benefit payments while petitioner's appeal is pending before the Board of Veterans Appeals. AOJ took it upon itself to decide the appeal in its favor.

Where the REMAND failed to specify a time within which AOJ is to comply with the actions requested therein, AOJ has <u>forever</u> and no incentive to comply; therefore, nullifying the appeal and denying appellant due process.

Plaintiff submits that this is the reason why AOJ felt free to request and authorize the U.S. Department of Treasury to withhold monies from appellant's

3

monthly social security benefit payments. With payments in hand, AOJ has no intention of complying with or honoring the requests in the Remand.

AOJ's actions, as described herein, was outrageous, intentional, reckless, and aided by the Board's lack of a specific time in which to comply with its REMAND.

## CONCLUSION

Based on the above discussion, petitioner's writ should be granted.

Respectfully submitted,

Willie A. Key pro se
71 Society St., Apt 501
Charleston, S.C. 29401
(843) 530-0284

Dated: December 5, 2023.

4

STATE OF SOUTH CAROLINA    )

                                   )       CERTIFICATE OF MAILING

COUNTY OF CHARLESTON    )

I, Willie A. Key, petitioner, hereby certify that I have this date served the attached Writ of Mandamus on respondent Board of Veterans Appeals by depositing a copy of same in the U.S. mail, postage prepaid, and addressed as follows:

Department of Veterans Affairs
Evidence Intake Center
P.O. Box 4444
Janesville, WI, 53547-4444

*Mr. Willie A. Key*

Willie A. Key pro se
71 Society St., Apt. 501
Charleston, S.C. 29401
(843) 530-0284

Dated: December 5, 2023.